H. W. EVERSTON v. W. L. BUCKHAM.

**Principal and Surety—Money Borrowed Used to Discharge Obligation of Surety
—Statute of Limitation.**

> Appellant and Winston were partners and upon the dissolution of the
> partnership Winston assumed the debts of the firm. Afterward Winston
> borrowed money from the appellee, with appellant as his surety, a part
> of which he used to discharge one of the partnership debts. The appellee
> sued appellant on the note executed to him as Winston's surety, to which
> action the appellant pleaded and relied on statute of limitation as a bar.
> Held, that the payment of the partnership debt by Winston out of a
> part of the money borrowed from appellee did not change the true condi-
> tion of appellant on the note.

APPEAL FROM UNION CIRCUIT COURT.

October 3, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

The note sued on matured the 15th of October 1854, and this
atcion was not brought to enforce its colection until March 12,
1862. Appellant pleads that he was only surety of Winston
the principel obligor in the note, and relies upon the statute of
limitations as a bar to the action against him.

The evidence conduces to prove that Winston borrowed the
money of appellee, and that appellant was in fact his surety and
this fact was known to appellee. From this conclusion the testi-
mony of Finnie and others, leaves no escape. Nor can the fact
that a part of the money borrowed of appellee was applied to the
satisfaction of a debt upon which appellant was bound, change the
responsibility of the parties. By the terms of the dissolution of
the partnership theretofore existing between appellant, and
Winston, the latter was bound to pay that debt, and as between
them it was the individual debt of Winston, and the payment of
it by him, out of the money borrowed of appellee, could not change
the true condition of appellant on the note, any more than the
payment of the money to any other creditor of Winston could do.

Nor does the act approved May 24, 1861 entitled *"An Act to*

*suspend* the circuit, and other courts in this commonwealth and *for other purposes,*" have the effect to suspend the running of the act of limitations for the benefit of sureties, as was held by this court. *Rhodes v. Letcher's executors* Mss. opinion, 1863.

Wherefore the judgment is *reversed,* and the cause remanded with directions to award a new trial, and for further proceedings consistent with this opinion.

*D. H. Hughes, for appellant.*

*Huston, for appellee.*